■ FAULKNER, Justice.
This is an appeal from a summary judgment in favor of Ford Motor Credit Compa *287 ny in Thompson’s suit for conversion. We affirm.
The facts of this case are stated in Thompson’s brief as follows:
“On or about September 25, 1979, the Appellant, Donald Eugene Thompson, purchased a 1978 Mercury Grand Marquis automobile from Gateway Lincoln-Mercury, Inc. of Sheffield, Alabama. Mr. Thompson paid $606.00 as a down payment, leaving $5,400.00 unpaid. That balance was financed by the Appellee, Ford Motor Credit Company. Under the financing agreement of the parties, the Appellant was to pay 30 monthly installments of $180.00 each.
“Under this payment schedule Ford Motor Credit Company assessed 30 charges for late payment against Mr. Thompson, 6 of which were subsequently waived. The Appellees also granted three (3) extensions of payment/due date changes. Thirteen of the debtor’s checks were returned for insufficient funds.
“After accepting these late payments, along with the late charges assessed, Ford Motor Credit Company repossessed Mr. Thompson’s automobile pursuant to a clause in their security agreement. The repossession occurred on or about July 26, 1982. At the time the automobile was repossessed, there was a $166.66 balance due on the account. There was no breach of the peace involved in the repossession.
“Prior to repossessing the automobile, Ford Motor Credit Company assessed $201.58 in late charges. Taking the $166.66 balance due at the time of repossession, it can be calculated that Mr. Thompson had paid the principal amount financed and the balance due consisted entirely of late charges assessed. All of Mr. Thompson’s 30 payments were late. Some of his payments were late by as much as 2 months and 17 days.”
Thompson raises this issue on appeal: Under Alabama law, may a creditor be equitably estopped from exercising a repossession clause in a contract between the parties, without notice to the debtor, when it has accepted late payments in the past without repossessing the collateral?
We do not reach the question of “without notice to the debtor” because we find from the evidence in the record that Thompson knew or should have known sometime in the middle of July 1982, that Ford Motor Credit Company was going to repossess the automobile unless he paid the balance due. (The repossession occurred at 3:30 a.m. on July 26, 1982, and was made by Larry Hancock — employed by Ford Motor Credit Company for that purpose.) Therefore, we opine that Thompson inadvertently failed to honor the requests of FMCC to pay the balance due.
The summary judgment is affirmed on the authority of Hale v. Ford Motor Credit Company, 374 So.2d 849 (Ala.1979).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.